

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXXXXXXXXXX
WILL WILSON

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. M. Tucker
County Attorney
Collingsworth County
Wellington, Texas

Dear Sir:

Opinion No. O-3802

Re: Whether under H.B. 821 of the
47th Leg., the justice of the
peace and the county clerk
must keep transcribed records
of birth and death certificates.

Your letter of July 21, 1941, requests the opinion
of this department regarding House Bill No. 821 of the 47th
Legislature. You ask:

"Is it necessary by the provisions of
these two amendments that both the Justice
of the Peace and County Clerk, each keep a
bound volume of birth and death certificates?
Or

"Would it be permissable for the County
Clerk to file her copies of birth and death
certificates in alphabetical order instead
of transcribing them into a bound record?"

The duties of a justice of the peace as the local
registrar, and of the county clerk who receives copies of
birth and death certificates for recordation are unchanged
by House Bill No. 821.

Under Rule 52a of Article 4477, Vernon's Annotated
Civil Statutes, each local registrar is required to "make
a complete and accurate copy of each birth and each death
certificate registered by him in a record book supplied in
accordance with the provisions of Section 18 of this Act,
to be preserved permanently in his office as the local
record, in such manner as directed by the state registrar,
or in the event that local ordinances require that all re-
ports of births and deaths be made in duplicate, he may
permanently bind the duplicate reports and index them in
the manner prescribed in Section 18 for the state registrar."

House Bill No. 821 makes no change in this requirement of a justice of the peace serving as the local registrar.

As to the county clerk, the requirement in House Bill No. 821 is that the certificates be "recorded in the county clerk's office in their respective counties on or before the tenth of the following month." Again the language is used "and shall be deposited in the county clerk's office. The county clerk shall be paid for indexing and preserving such records, such compensation as may be agreed upon by the commissioners' court." (Rule 53a, Article 4477).

Rule 51a of Article 4477, supra, as amended by the 46th Legislature (Acts 1939, P. 346), provides that "each county shall print and supply the County Clerk with permanent record books, in form approved by the State Registrar, for the recording of all births and deaths occurring within their respective jurisdictions. The State Registrar shall prepare and issue such detailed instructions as may be required to procure the uniform observance of its provisions and the maintenance of a perfect system of registration; and no other forms shall be used than those approved by the State Department of Health.

In Opinion No. 0-3748, this department held that "considering the two provisions of Article 4477, quoted above, it is apparent that it was contemplated by the Legislature that each county clerk should file, index and record in full a copy of each birth and death certificate deposited in his office by the commissioners' court in the permanent record books, in form approved by the State Registrar, for the recording of all births and deaths occurring within their respective jurisdictions."

Yours very truly

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED AUG. 1, 1941

S/ Grover Sellers
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By  S/  Zollie C. Steakley
Zollie C. Steakley
Assistant

ZCS:eaw

APPROVED:
OPINION COMMITTEE
By: B.W.B.
CHAIRMAN